# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOYCE L. HATCH,

        Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

        Agency.

DOCKET NUMBER
DA-0841-14-0315-I-1

DATE: February 5, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joyce L. Hatch</u>, Houston, Texas, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision concerning the calculation of her Federal Employees' Retirement System (FERS) annuity.  Generally, we grant petitions such as this one only when:  the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2       The appellant worked for the U.S. Postal Service. *See, e.g.*, Initial Appeal File (IAF), Tab 5 at 26, 29. In November 2001, she filed an application for disability retirement. *Id*. at 26-30. OPM approved her application. *Id*. at 40-42. The appellant's disability retirement benefit was approximately $802 per month. *See id*. at 25. However, OPM informed the appellant that her benefits would be recalculated when she reached age 62, reducing her monthly check to that of a basic annuity in the amount of approximately $315 per month.[2] *Id*. at 24-25; *see* 5 C.F.R. §§ 842.403 (computation of a basic annuity); 844.302 (computation of a disability annuity before age 62); 844.305 (adjustment of the disability annuity upon reaching age 62).

¶3       In July 2012, after the appellant reached age 62 and her monthly benefit decreased, she asked OPM to recalculate her annuity. *See* IAF, Tab 5 at 23. She

---

[2] OPM also informed the appellant that she could increase her annuity from approximately $315 to $366 per month if she timely submitted a deposit for a period of time for which her retirement contributions had been previously refunded. IAF, Tab 5 at 24-25. However, the record contains no evidence that she ever submitted that deposit, and the appellant has not raised the issue on review.

reportedly believed that her monthly benefit would increase not decrease, at age 62. *See id.* OPM responded in August 2012, indicating that her annuity had been properly calculated and again explaining why her benefit decreased upon reaching age 62. *Id.* at 21-22. OPM issued a reconsideration decision in March 2014, affirming that determination. *Id.* at 6-7.

¶4    The appellant thereafter filed a Board appeal.[3]    IAF, Tab 1.    The administrative judge affirmed OPM's reconsideration decision.    IAF, Tab 15, Initial Decision (ID).    The appellant has filed a petition for review.    Petition for Review (PFR) File, Tabs 1, 3.    OPM has filed a response, and the appellant has replied.    PFR File, Tabs 5-6.

¶5    On review, the appellant reasserts that OPM made a mistake in calculating her annuity.[4] *See* PFR File, Tab 1 at 3-4.    She again suggests that OPM erred in failing to include her service with the U.S. Postal Service from 1994-1996 in its annuity calculation. *See* PFR File, Tab 3 at 1, 6-14, Tab 6 at 2.    We find that the administrative judge properly concluded that the appellant failed to meet her burden of proof.

¶6    An individual seeking retirement benefits bears the burden of proving entitlement to those benefits by preponderant evidence.[5] *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140–41 (Fed. Cir. 1986) (finding that

---

[3] The appellant did not request a hearing.  IAF, Tab 1 at 3.

[4] Below, the appellant also alleged that OPM's recalculation was against equity and good conscience, OPM engaged in harmful error, and OPM's decision was the result of retaliation for her having previously filed a discrimination complaint with the Board. IAF, Tab 1 at 5; *see Hatch v. Office of Personnel Management*, MSPB Docket No. DA-0841-13-0064-I-1, Remand Order at 3-5 (Dec. 11, 2013) (ordering OPM to issue a reconsideration decision regarding the appellant's request for recalculation of her annuity).    The administrative judge found no merit to these claims. *See* ID at 4-7. Because the appellant has not challenged the administrative judge's well-reasoned findings on these points, we will not revisit them.

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.56(c)(2).

the Board acted appropriately in placing the burden of proving an entitlement to an annuity on the applicant); 5 C.F.R. § 1201.56(a). Here, the appellant sought relevant records from the Social Security Administration (SSA) in concert with her Board appeal, apparently to prove her work record from 1994-1996 and entitlement to credit for that service. *See* IAF, Tab 1 at 14-15. Although she received some records in response, IAF, Tab 14 at 1-4, the appellant suggested both below and on review that SSA has yet to provide her with the records she sought, *id.* at 5; PFR File, Tab 1 at 3-4, Tab 6 at 2. After the administrative judge denied her appeal, the appellant sought, and received, her work history information from another source. *Compare* ID at 1 (initial decision, dated July 16, 2014), *with* PFR File, Tab 3 at 5 (the appellant's July 17, 2014 request for personnel records covering 1994-1996 from the National Personnel Records Center), *and id.* at 3, 6-14 (the August 1, 2014 response from the National Personnel Records Center, with the requested personnel records).

¶7 The appellant argues that her personnel records, submitted for the first time on review, constitute new and material evidence not previously available. PFR File, Tab 1 at 3-4; *see generally Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Even if the Board credits the appellant's assertion that her newly- submitted evidence was previously unavailable, despite due diligence, and should be considered, she has still failed to meet her burden of proving that OPM improperly calculated her annuity. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶8 The evidence at issue does support the appellant's assertion that she performed work for the U.S. Postal Service between 1994 and 1996. PFR File,

Tab 3 at 6-14. However, her work consisted of an intermittent series of temporary appointments,[6] with the corresponding personnel records listing her retirement plan listed as "FICA." *Id*. at 6-11, 13; *see* 5 C.F.R. §§ 842.103(c) (among other things, to be covered under FERS, an individual must have retirement deductions withheld from pay and have agency contributions made), 842.105(a) (exempting many employees serving under short-term or temporary appointments from FERS coverage). FICA refers to the Federal Insurance Contributions Act, which is the statutory authority for the collection of Social Security and Medicare taxes, not any federal retirement plan. *See* 26 U.S.C. §§ 3101-3128. It was not until August 17, 1996, when the appellant received a career appointment as a part-time mail handler, that her personnel records reflect enrollment in the FERS retirement plan. IAF, Tab 5 at 12, 14. Her "retirement comp date" for that career appointment was listed as August 17, 1996. *Id*. at 14.

¶9 As the administrative judge noted, OPM's recalculation of the appellant's annuity upon reaching age 62 credited her with the service she performed between August 17, 1996, and November 30, 1999, as well as the time she spent on disability retirement, from December 1, 1999, through July 18, 2012, for a total of approximately 15 years, 11 months. *See* ID at 5-6; IAF, Tab 5 at 6-7, 15. Using that amount of time and the appellant's salary history, OPM calculated her monthly FERS disability annuity rate as $317 per month, beginning at age 62. IAF, Tab 5 at 7, 15-16; *see* 5 C.F.R. §§ 842.403, 844.305. Although we are sympathetic that this amount may pose financial difficulties for the appellant, we find that she has failed to prove that she was entitled to a higher amount. The appellant's newly-submitted evidence demonstrates that she did complete some

---

[6] On December 7, 1994, the appellant received a temporary appointment that was eventually terminated on June 23, 1995. PFR File, Tab 3 at 6-9. She received another temporary appointment on December 11, 1995, which was terminated on December 31, 1995. *Id*. at 10-11. On June 8, 1996, she received a final temporary appointment, scheduled not to exceed September 5, 1996. *Id*. at 13. The evidence does not specify when this final temporary appointment was terminated.

work during 2 additional calendar years, but that evidence does not prove that she is entitled to credit for that work in calculating her annuity.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.